UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| REBECCA WIGGINS, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:13-cv-00069-JMS-MJD |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) | |
| | ) | |
|     *Defendant*. | ) | |

### ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Plaintiff Rebecca Wiggins filed a Complaint against Defendant Life Insurance Company of North America ("LINA"), alleging that diversity jurisdiction exists over this matter. [Dkt. 1 at 1, ¶ 3.] Ms. Wiggins asserts that: (1) she is a citizen of Indiana, [*id*. at 1, ¶ 1]; (2) LINA is a Pennsylvania company with its principal place of business in Pennsylvania, [*id*. at 1, ¶ 2]; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs, [i*d*. at 1, ¶ 3.]

LINA answered Ms. Wiggins' Complaint on February 6, 2013. [Dkt. 9.] In its Answer, LINA states that: (1) "[u]pon information and belief, [it] admits" that Ms. Wiggins is a citizen of Indiana, [*id*. at 1, ¶ 1]; (2) it admits that it is a Pennsylvania corporation with its principal place of business in Pennsylvania, [*id*. at 1, ¶ 2]; and (3) it "admits that the Court has jurisdiction over this matter," but denies the remaining allegations in paragraph 3 of Ms. Wiggins' Complaint, which include her allegation that "the amount in controversy exceeds $75,000, exclusive of interest and costs," [*id*. at 2, ¶ 3].

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always

has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on LINA's Answer to Ms. Wiggins' Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this matter.

Specifically, the parties are reminded that statements relating to jurisdiction must be made on personal knowledge, not upon information and belief. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"). Additionally, in order to invoke the Court's diversity jurisdiction, the amount in controversy must exceed "$75,000, exclusive of interest and costs," 28 U.S.C. § 1332 – an allegation which LINA appears to deny while simultaneously admitting that the Court has jurisdiction over this matter.

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **March 18, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs. If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **March 18, 2013** setting forth its view regarding the citizenship of each of the parties and the amount in controversy.

03/07/2013

                                                    Hon. Jane Magnus-Stinson, Judge
                                                    United States District Court
                                                    Southern District of Indiana

- 3 -

**<u>Distribution via ECF only</u>:**

Jennifer Jay Kalas
HINSHAW & CULBERTSON
jkalas@hinshawlaw.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Daniel Keenan Ryan
HINSHAW & CULBERTSON
dryan@hinshawlaw.com